UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LUIS E. CUETO, and
LEONARDO A. CUETO,

    Plaintiffs,

v.

ACCOUNTS RECEIVABLE MANAGEMENT, INC.,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiffs alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiffs resides here and Defendant placed telephone calls into this District.

## PARTIES

3.    Plaintiff, LUIS E. CUETO, is a natural person and citizen of the State of Florida, residing in Broward County, Florida. He is the father of Plaintiff, LEONARDO A. CUETO.

4. Plaintiff, LEONARDO A. CUETO, is a natural person and citizen of the State of Florida, residing in Broward County, Florida. He is the adult son of LUIS E. CUETO.

5. Defendant, ACCOUNTS RECEIVABLE MANAGEMENT, INC., is a corporation and citizen of the State of FLORIDA with its principal place of business at Suite 505, 3400 Lakeside Drive, Miramar, FL 33027.

6. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties.

8. Defendant is a "debt collector" as defined in the FDCPA.

9. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiff, Leonardo A. Cueto, an alleged debt arising from transactions incurred personal, family or household purposes. Luis E. Cueto is not an obligor on note creating the debt of his adult son.

11. Defendant left the following messages on the voicemail of Plaintiff Luis E. Cueto's cellular telephone on or about the date stated:

February 2, 2010 at 12:45 PM – PRE-RECORDED MESSAGE

This is a message for Leonardo Cueto. If this is not Leonardo Cueto, hang up or disconnect now. By continuing to listen to this message you acknowledge that you are Leonardo Cueto. This is Accounts Receivable Management, and this is an attempt to collect a debt. Any information obtained will be used for this purpose. Please contact me about this matter at 866-932-6788, and refer to file number 17330171.

February 2, 2010 at 5:59 PM – PRE-RECORDED MESSAGE
This is a message for Leonardo Cueto. If this is not Leonardo Cueto, hang up or disconnect now. By continuing to listen to this message you acknowledge that you are Leonardo Cueto. This is Accounts Receivable Management, and this is an attempt to collect a debt. Any information obtained will be used for this purpose. Please contact me about this matter at 866-932-6788, and refer to file number 17330171.

February 3, 2010 at 12:49 PM – PRE-RECORDED MESSAGE
This is a message for Leonardo Cueto. If this is not Leonardo Cueto, hang up or disconnect now. By continuing to listen to this message you acknowledge that you are Leonardo Cueto. This is Accounts Receivable Management, and this is an attempt to collect a debt. Any information obtained will be used for this purpose. Please contact me about this matter at 866-932-6788, and refer to file number 17330171.

February 4, 2010 at 11:45 AM – PRE-RECORDED MESSAGE
This is a message for Leonardo Cueto. If this is not Leonardo Cueto, hang up or disconnect now. By continuing to listen to this message you acknowledge that you are Leonardo Cueto. This is Accounts Receivable Management, and this is an attempt to collect a debt. Any information obtained will be used for this purpose. Please contact me about this matter at 866-932-6788, and refer to file number 17330171.

February 4, 2010 at 3:17 PM – PRE-RECORDED MESSAGE
This is a message for Leonardo Cueto. If this is not Leonardo Cueto, hang up or disconnect now. By continuing to listen to this message you acknowledge that you are Leonardo Cueto. This is Accounts Receivable Management, and this is an attempt to collect a debt. Any information obtained will be used for this purpose. Please contact me about this matter at 866-932-6788, and refer to file number 17330171.

February 5, 2010 at 10:44 AM

No discernable message.

<u>February 8, 2010 at 12:47 PM</u> – PRE-RECORDED MESSAGE
This is a message for Leonardo Cueto. If this is not Leonardo Cueto, hang up or disconnect now. By continuing to listen to this message you acknowledge that you are Leonardo Cueto. This is Accounts Receivable Management, and this is an attempt to collect a debt. Any information obtained will be used for this purpose. Please contact me about this matter at 866-932-6788, and refer to file number 17330171.

<u>Friday 8, 2010 at 2:57 PM</u> – PRE-RECORDED MESSAGE
This is a message for Leonardo Cueto. If this is not Leonardo Cueto, hang up or disconnect now. By continuing to listen to this message you acknowledge that you are Leonardo Cueto. This is Accounts Receivable Management, and this is an attempt to collect a debt. Any information obtained will be used for this purpose. Please contact me about this matter at 866-932-6788, and refer to file number 17330171.

12. Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

13. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See <u>Berg v. Merchs. Ass'n Collection Div</u>., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

14. Plaintiff Luis E. Cueto heard the messages.

15. Leonardo A. Cueto did not authorize Defendant to communicate with Luis E. Cueto.

16. No court authorized Defendant to communicate with Plaintiff Luis E. Cueto.

17. Defendant knew or had reason to know that persons other than Leonardo A. Cueto may hear the voicemail messages left on Luis E. Cueto's cellular telephone.

18. Luis E. Cueto has no contractual or legal obligation to *not* listen to messages left on his voicemail on his cellular phone.

19. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

20. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

21. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## UNAUTHORIZED COMMUNICATION WITH A THIRD-PARTY IN VIOLATION OF THE FDCPA

22. Plaintiff, Leonardo A. Cueto, incorporates Paragraphs 1 through 21.

23. Defendant communicated with a third-party, Plaintiff's father, in connection with the collection of the alleged debt in violation of 15 U.S.C. §1692c(b).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

1. Plaintiff, Luis E. Cueto, incorporates Paragraphs 1 through 21.

2. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff, Luis E. Cueto's cellular telephone, in violation of 15 U.S.C §1692d. See Order Denying Defendants' Motion to Dismiss Count IV (DE 19), *Clarke, Kerryjoe N. v Weltman, Weinberg & Reis, Co., et al.,* Case No.: 10-60600-Civ-Cohn/Seltzer (S.D. Fla July 15, 2010), (holding that the same conduct can separately support a violation of both the FDCPA and TCPA).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

1. Plaintiff, Luis E. Cueto, incorporates Paragraphs 1 through 21.

2. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. a declaration that Defendant's calls violate the TCPA;

c. a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice; and

d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> By: s/ Donald A. Yarbrough
>   Donald A. Yarbrough, Esq.
>   Florida Bar No. 0158658